IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MOD STACK LLC,            :
                          :
         Plaintiff,       :
                          :
    v.                    :   Civil Action No. 18-332-CFC
                          :
ACULAB, INC.,             :
                          :
         Defendant.       :

Stamatios Stamoulis, STAMOULIS & WEINBLATT LLC, Wilmington, DE, David R. Bennett, DIRECTION IP LAW, Chicago, IL

   *Counsel for Plaintiff*

Jeremy D. Anderson, FISH & RICHARDSON P.C., Wilmington, DE, Neil J. McNabnay, David B. Conrad, Ricardo J. Bonilla, Theresa M. Dawson, Rodeen Talebi, FISH & RICHARDSON P.C., Dallas, TX

   *Counsel for Defendant*

**MEMORANDUM OPINION**

August 2, 2019
Wilmington, Delaware

                                                         */s/ Colm F. Connolly*
                                              COLM F. CONNOLLY,
                              UNITED STATES DISTRICT JUDGE

I have before me Defendant Aculab, Inc.'s ("Defendant" or "Aculab") Renewed Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim. D.I. 19. The matter is fully briefed. D.I. 20, D.I. 25, D.I. 28. For the reasons that follow, I will deny Aculab's motion.

## I.    BACKGROUND[1]

Plaintiff Mod Stack LLC ("Mod Stack" or "Plaintiff") initiated this patent infringement action on February 28, 2018, accusing Aculab's ApplianX IP Gateway of infringing at least claim 1 of U.S. Patent No. 7,460,520 (the "#520 patent"). D.I. 1. On April 25, 2018, Aculab filed its first motion to dismiss. D.I. 10. In lieu of filing a response to Aculab's motion, Mod Stock filed an Amended Complaint, once again accusing Aculab's ApplianX IP Gateway of infringing at least claim 1 of the #520 patent. D.I. 16. Aculab then filed the instant motion to dismiss Mod Stack's Amended Complaint, asserting that the #520 patent is directed to patent ineligible subject matter. D.I. 19; *see also* D.I. 20 at 1. In the

---

[1] As I am assessing the merits of a Rule 12(b)(6) motion to dismiss, I accept as true all factual allegations in the Amended Complaint and view those facts in the light most favorable to Mod Stack. *See Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008).

alternative, Aculab moves to dismiss Mod Stack's Amended Complaint because Mod Stack has failed to adequately plead direct infringement. *See* D.I. 20 at 2.

The #520 patent covers "a system and method for supporting multiple central controllers of voice-band calls." #520 patent at 1:14–16. Specifically, the claimed invention "relates to a system and method for simultaneously interfacing with different types of call controllers in a voice gateway." *Id.* at 3:23–25. According to the patent's specification, although "[t]he call controllers may use different call control protocols[,] [t]he voice gateway [] adapts each of these different call control protocols to a common representation so that all can be interfaced simultaneously." *Id.* at 3:25–29.

The #520 patent contains twenty-seven claims, six of which are independent claims. *Id.* at 18:56–24:14. Claim 1 recites as follows[2]:

> 1. An apparatus connecting a local packet network (LPN) and a circuit-switched network, the apparatus comprising:
>
> a first protocol endpoint configured to receive at least one first external call control message of a first protocol

---

[2] I recognize that the parties dispute whether claim 1 is representative. *See* D.I. 20 at 8; D.I. 25 at 15. As will be discussed below, I have found that Aculab has failed to meet its burden to show that claim 1 is not patent eligible. Because Aculab asserts that claim 1 is representative of all claims of the #520 patent, I need only analyze claim 1. *See 3G Licensing, S.A. v. HTC Corp.*, 2019 WL 2904670, at *2 (D. Del. July 5, 2019). Should Aculab wish to raise a 35 U.S.C. § 101 challenge at summary judgment and should the parties continue to dispute whether claim 1 is representative of the #520 patent's other claims, Aculab bears the burden of establishing claim 1 as representative. *JSDQ Mesh Techs. LLC v. Fluidmesh Networks, LLC*, 2016 WL 4639140, at *2 (D. Del. Sept. 6, 2016).

2

from a first call controller associated with the circuit-switched network and to map the at least one first external call control message to at least one corresponding first internal call control message of an internal protocol;

a second protocol endpoint configured to receive at least one second external call control message of a second protocol from an integrated access device (IAD) associated with the LPN and to map the at least one second external call control message to at least one corresponding second internal call control message of an internal protocol; and

a protocol adapter configured to receive the first and the second internal call control messages and to route the at least one first internal call control message to the second protocol endpoint and the at least one second internal call control message to the first protocol endpoint;

wherein the first protocol endpoint is further configured to receive the at least one second internal call control message and to map the at least one second internal call control message to a third external call control message of the first protocol, and

wherein the second protocol endpoint is further configured to receive the at least one first internal call control message and to map the at least one first internal call control message to a fourth external call control message of the second protocol.

#520 patent at claim 1.

## II. LEGAL STANDARDS

### A. Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

To state a claim upon which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(A)(2). Detailed factual allegations are not required, but the complaint must set forth sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. *Umland*, 542 F.3d at 64.

### B. Patent-Eligible Subject Matter

Section 101 of the Patent Act defines patent-eligible subject matter. It provides: "Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C. § 101.

There are three judicially-created limitations on the literal words of § 101. The Supreme Court has long held that laws of nature, natural phenomena, and abstract ideas are not patentable subject matter. *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014). These exceptions to patentable subject matter arise from the concern that the monopolization of "the[se] basic tools of scientific and technological work" "might tend to impede innovation more than it would tend to promote it." *Id.* (internal quotation marks and citations omitted).

"[A]n invention is not rendered ineligible for patent [protection] simply because it involves an abstract concept." *Id.* at 217. "[A]pplication[s] of such concepts to a new and useful end . . . remain eligible for patent protection." *Id.* (internal quotation marks and citations omitted). But in order "to transform an unpatentable law of nature [or abstract idea] into a patent-eligible application of such a law [or abstract idea], one must do more than simply state the law of nature [or abstract idea] while adding the words 'apply it.'" *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 72 (2012) (emphasis omitted).

In *Alice*, the Supreme Court made clear that the framework laid out in *Mayo* for determining if a patent claims eligible subject matter involves two steps. The court must first determine whether the patent's claims are drawn to a patent-ineligible concept — i.e., are the claims directed to a law of nature, natural phenomenon, or abstract idea? 573 U.S. at 217. If the answer to this question is

5

no, then the patent is not invalid for teaching ineligible subject matter. If the answer to this question is yes, then the court must proceed to step two, where it considers "the elements of each claim both individually and as an ordered combination" to determine if there is an "inventive concept — *i.e.*, an element or combination of elements that is sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself." *Id.* at 217–18 (alteration in original) (internal quotations and citations omitted).[3]

## III. DISCUSSION

Aculab moves to dismiss Mod Stack's Amended Complaint on two grounds: first, it contends that the claims of the #520 patent cover patent ineligible subject matter, and second, it argues that Mod Stack's allegations of direct infringement

---

[3] The Court in *Alice* literally said that this two-step framework is "for distinguishing patents that claim laws of nature, natural phenomena, and abstract ideas from those that claim patent-eligible applications of those concepts." 573 U.S. at 217. But as a matter of logic, I do not see how the first step of the *Alice/Mayo* framework can distinguish (or even help to distinguish) patents in terms of these two categories (i.e., the categories of (1) "patents that claim laws of nature, natural phenomena, and abstract ideas" and (2) patents "that claim patent-eligible applications of [laws of nature, natural phenomena, and abstract ideas]"). *Both* categories *by definition* claim laws of nature, natural phenomena, and abstract ideas; and only one of *Alice*'s steps (i.e., the second, "inventive concept" step) could distinguish the two categories. I therefore understand *Alice*'s two-step framework to be the framework by which courts are to distinguish patents that claim eligible subject matter under § 101 from patents that do not claim eligible subject matter under § 101.

fail to state a claim upon which relief may be granted.[4] For the reasons set out below, I will deny Aculab's motion.

   A.   Patent Eligible Subject Matter

At step one of *Alice*, Aculab contends that the #520 patent's claims are directed to the abstract idea of "using a common language to translate between two foreign languages." D.I. 20 at 8. It reiterates this same idea in its reply brief. D.I. 28 at 1. After reviewing the claims of the #520 patent, as well as the patent's specification, I am not persuaded that Aculab's proposed abstract idea satisfactorily captures the substance of the claims. For that reason, I will deny Aculab's renewed motion to dismiss based on 35 U.S.C. § 101.

The Supreme Court and the Federal Circuit have cautioned against oversimplifying a patent's claims when conducting a § 101 analysis. *See McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1313 (Fed. Cir. 2016) ("We have previously cautioned that courts must be careful to avoid oversimplifying the claims by looking at them generally and failing to account for the specific requirements of the claims." (internal quotation marks omitted)); *see also Alice*, 573 U.S. at 217 ("[W]e tread carefully in construing this exclusionary principle lest it swallow all of patent law. At some level, all inventions . . . embody, use, reflect,

---

[4] Mod Stack's amended complaint also alleges induced infringement of the #520 patent. *See* D.I. 16 at ¶¶ 44–45. Aculab's renewed motion to dismiss, however, does not address these allegations, and thus, I will not address them here.

7

rest upon, or apply laws of nature, natural phenomena, or abstract ideas." (internal quotation marks and citation omitted)). Here, Aculab, with its proposed abstract idea of "using a common language to translate between two foreign languages," has done exactly what the Supreme Court and the Federal Circuit have cautioned against — it has oversimplified the claims and described claim 1 (and the #520 patent as a whole) in such a way that its proposed abstract idea is "untethered from the language of the claim[]." *See Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1337 (Fed. Cir. 2016). Claim 1 recites an allegedly new way for improving a voice gateway, such that it may simultaneously handle multiple call control protocols and messages. #520 patent at claim 1; *see also id.* at 3:23–29. Thus, to me, it seems that claim 1 is directed to much more than just using a common language as a translation tool.

Therefore, I am not convinced, at this point in the case, that the claims of the #520 patent cover patent ineligible subject matter. *See 3G Licensing*, 2019 WL 2904670, at *2 ("While it may be possible that claim 1 could be accurately characterized as directed to some abstract idea, all I need to decide today is that the claim is not directed to the abstract idea articulated by defendant."); *see also Groove Digital, Inc. v. Jam City, Inc.*, 2019 WL 351254, at *3 (D. Del. Jan. 29, 2019) (denying defendant's § 101 motion at step one because defendant failed to propose a satisfactory abstract idea).

B. <u>Sufficiency of the Claims</u>

In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1347 (Fed. Cir. 2018) (internal quotation marks and citation omitted). But a plaintiff is not required to "prove its case at the pleading stage." *Id.* at 1350 (internal quotation marks and citation omitted). Moreover, the "Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1335 (Fed. Cir. 2012). Rather, the complaint must merely "place the potential infringer . . . on notice of what activity . . . is being accused of infringement." *Nalco*, 883 F.3d at 1350 (internal quotation marks and citation omitted).

Aculab contends that "Mod Stack has not alleged facts sufficient to meet a plausible infringement claim against Aculab." D.I. 20 at 18. I disagree. The Amended Complaint identifies a specific product, Aculab's ApplianX IP Gateway, which it alleges directly infringes at least claim 1 of the #520 patent. D.I. 16 at ¶ 36. It describes the overall purpose of the invention and describes the elements of claim 1, including the claimed use of a protocol adapter to receive and route internal call control messages. *Id.* at ¶¶ 11, 28-33. In the direct infringement count

9

specifically, Mod Stack identifies the ApplianX IP Gateway, identifies an asserted claim, and provides examples of how the ApplianX IP Gateway meets the elements of claim 1, thus making sufficiently clear the basis of its infringement allegation. *See id.* at ¶¶ 36-43. Moreover, the Amended Complaint "is supported by various publicly-accessible documents, and as a whole provides fair notice of how it is [Aculab's] accused product[] [is] alleged to infringe" the #520 patent. *BioMérieux, S.A. v. Hologic, Inc.*, 2018 WL 4603267, at *4 (D. Del. Sept. 25, 2018) (internal quotation marks omitted). Thus, Mod Stack has pleaded sufficient allegations to plausibly state a claim for direct infringement.

## IV. CONCLUSION

For the reasons set forth above, I will deny Aculab's motion to dismiss for failure to state a claim upon which relief may be granted. The Court will issue an order consistent with this Memorandum Opinion.